# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad D Begay,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-21-08234-PCT-DLR<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michele H. Burns (Doc. 22) regarding Petitioner Chad D. Begay's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R found that Petitioner's claims are procedurally defaulted without excuse or are meritless and recommends that the Petition be denied and dismissed with prejudice.

Petitioner objected to the R&R (Doc. 34), and Respondents filed a "Response to Objections to Report and Recommendation." (Doc. 37.) The Court has considered the objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**I. BACKGROUND**

The indictment alleges that Petitioner robbed a Circle K store with a knife and then brandished the knife at a Winslow police officer as he was leaving the store. He was charged with five felonies and pled guilty, pursuant to a plea agreement, to count one, armed robbery, count two, aggravated assault, and count three as modified to attempted

aggravated assault. Pursuant to his plea agreement, he admitted to a historical prior felony conviction, and he agreed that he would be sentenced to aggravated sentences of 12 years in prison on counts one and three, and 9 years on count two, with all counts to run concurrently.  The state agreed not to allege Petitioner's remaining prior convictions and that the offenses were dangerous offences, and to dismiss all remaining counts.

On December 12, 2018, Petitioner was sentenced in accordance with the terms of his plea agreement. On March 4, 2019, Petitioner filed a Notice of Post-Conviction Relief ("PCR"). On February 11, 2020, Petitioner filed a pro se PCR petition raising the following claims: (1) the sentences imposed "are illegal and patently unconstitutional as a manifest injustice to which violate Defendants Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution," and (2) ineffective assistance of counsel "when counsel failed to object to the States use of the prior conviction to enhance the [Petitioner]'s sentence." The trial court found that his first claim was not colorable, relying on a 2011 case from the Arizona Court of Appeals that held: "a trial court may use the same convictions to enhance or increase the sentence range and to aggravate a defendant's sentence within the enhanced range." *State v. Bonfiglio*, 266 P.3d 375, 380 (Ariz. Ct. App. 2011).

The trial court also found Petitioner's second claim—a claim that his trial counsel was ineffective for not objecting to the State's use of a single prior conviction to both enhance and aggravate his sentence—not colorable. The trial court reasoned that "*Bonfiglio* establishes that the same conviction can be used to both enhance and aggravate a sentence." Accordingly, trial counsel had nothing to object to and Defendant was not prejudiced."

Petitioner appealed to the Arizona Court of Appeals, presenting the same claims raised in his PCR petition. The Court denied relief and Petitioner's subsequent Motion for Reconsideration.

Petitioner's habeas petition raised the following three grounds for relief. First, he argued that "the sentences imposed [] are illegal and patently unconstitutional as a manifest injustice to which violate Defendants Due Process Clauses of the Fifth and Fourteenth

Amendments to the United States Constitution and Art. 2 4 of the Arizona Constitution," and subparts: (a) the trial court failed to "follow the procedure prescribed by Rule 17, an incorrect factual determination made under Rule 17.3," (b) the sentence violated "what was agreed upon," (c) using the same prior conviction to both enhance and aggravate a sentence violates Petitioner's right to equal protection under the law, and (d) the judge failed to articulate the aggravating factors. Second, he argued that "Defendant was denied effective assistance of counsel by failing to object to state's use of prior conviction to enhance sentence." Finally, he argued that "the Court of Appeals decision that Defendant was not denied effective assistance of counsel and entered the plea agreement knowingly, voluntarily and intelligently was based on a misstatement of facts and law." The R&R recommends that the Petition be denied and dismissed with Prejudice because Petitioner failed to exhaust the claims in the Ground One Subparts and Ground Three, and the remaining claims were meritless.

**II. OBJECTIONS**

Petitioner's first objection re-urges his claim that the sentences were illegal and unconstitutional in violation of Petitioner's "due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, § 4 of the Arizona Constitution." He also argues in his first objection that there was no "factual basis" for the admission of the prior conviction for enhancement because his plea violated Rules of Arizona Riles of Criminal Procedure 17.2, 17.3 and 17.4.

The first objection does not state an "objection." It is merely a restatement of Ground One of the claims contained in his Petition. Petitioner's fist "objection" is not an objection that raises an issue for the Court to address. It does not inform the Court about what portions of the R&R he is challenging. *See Curtis v. Shinn*, No. 19-CV-4374-PHX-DGC-JZB, 2021 WL 4596465, at *5 (D. Ariz. Oct. 6, 2021). Petitioner's first objection is overruled.

Petitioner's second objection argues that the R&R erred in its determination that Petitioner did not raise in his PCR proceedings his claim that the trial court violated Rule

17, that the sentencing court violated Rule 17.6 and that the sentencing court failed to find a factual basis for the prior conviction. Petitioner raised his Rule 17 claim in his PCR petition. When he filed his petition for review with the Court of Appeals, he failed to raise these claims. By not raising the claims in the appellate court, Petitioner did not exhaust those claims for purposes of federal review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 1999). Petitioner's second objection is overruled.

In his third objection, Petitioner argues that the R&R's determination that claims were procedurally defaulted is incorrect. He asserts the R&R was wrong because under Arizona law, Arizona Rules of Criminal Procedure 33.16 and 31.20, he had the right to raise new claims in a motion for reconsideration and had not waived them by failing to raise them in his petition for review. However, Petitioner's reading of the rules is not correct: "A party's failure to raise any issue that could be raised in the petition for review . . . constitutes a waiver of appellate review of that issue." Ariz. R. Crim. P. 33.16(c)(4). The R&R was correct in in its finding concerning the procedurally defaulted claims. Petitioner's third objection is overruled.

In his fourth objection, Petitioner contends that the R&R erred by finding that Grounds Two and Three are not exhausted. Petitioner is mistaken about Ground Two; although the R&R found that Ground Three was not exhausted, it found that Ground Two had been exhausted. Despite finding that Ground Three had not been exhausted the R&R addressed the merits of the claim. Even if Petitioner is correct that the R&R erred in finding Ground Three was unexhausted, that error is harmless because he R&R reviewed the merits of the claims made in both Grounds Two and Three. Petitioner's fourth objection is overruled.

Petitioner's fifth objection relies on *Martinez v. Ryan*, 566 U.S. 1 (2012). He argues that the R&R should have recommended that his procedural delay be excused because he received ineffective assistance from his initial PCR counsel who failed to raise the issues contained in Grounds One through Three of the initial PCR Petition. Petitioner's *Martinez* issue is raised for the first time in his objections to the R&R--he never raised it in state

court. Because Petitioner did not exhaust his ineffective assistance of PCR counsel claim in state court, he cannot use the PCR counsel's ineffective assistance as cause for his procedural defaults in this habeas action. *Al Saud v. Shinn*, No. CV–18–0010–TUC–LCK, 2020 WL 6450292, at *5 (D. Ariz. Nov. 3, 2020). Petitioner's fifth objection is overruled.

Petitioner has requested an evidentiary hearing. Because the Court has resolved the issues raised in the Petition and in the objections to the R&R based on the record, an evidentiary hearing is not warranted.

**IT IS ORDERED** that Petitioner's "Objection to Report and Recommendation" (Doc. 34) is **OVERRULED**.

**IT IS ORDERED** that the R&R (Doc.22) is **ACCEPTED**.

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.

**IT IS ORDERED** that Petitioner's Application to Proceed In Forma Pauperis is **DENIED.**

**IT IS ORDERED** that a Certificate of Appealability is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not find the assessment of the constitutional claims herein, debatable, or wrong and because Petitioner has not demonstrated a substantial showing of the denial of a constitutional right.

The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 17th day of April, 2023.

Douglas L. Rayes
United States District Judge